IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

    Plaintiff,                              No. CIV S-08-2561 FCD GGH

  vs.

GOLDEN STATE SUPPLY, et al.,

    Defendants.                        FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff's motion for default judgment against Defendant Urbano Torar, filed November 3, 2009, was submitted without a hearing. Defendant filed no opposition. Upon review of the motion and supporting documents, and good cause appearing, the court issues the following findings and recommendations.

BACKGROUND

        On October 28, 2008, plaintiff filed the underlying complaint in this action against defendant Urbano Torar,[1] owner of the restaurant, "Urbano's," located in a retail center at 5825-5845 Windmill Way, Carmichael, California. See Complaint, at pp. 2-3; Retail Food Facility Official Inspection Report, attached as exhibit A to Complaint. Plaintiff alleges he initially visited the business in June, 2007, but encountered architectural barriers in the form of the lack

---

[1] Other defendants in the action have all been dismissed.

1

of "correct number and type of properly configured disabled parking space(s), accessible route, accessible restrooms, accessible entrance, accessibility signage, striping, and accessible cashier/service counter..." Complaint, at p. 3.  He asserts that these defects constitute violations of the Americans With Disabilities Act and state law.  Plaintiff alleges a total of three different encounters at the subject premises.  The summons and complaint were served by substituted service on defendant's employee at his place of business on November 19, 2008.[2]  Fed. R. Civ. P. 4(e)(1); Cal. Code Civ. Proc. § 415.20(a).  Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (default judgment void without personal jurisdiction).  Defendant has failed to file an answer or otherwise defend in this action.  On January 27, 2009, the clerk entered default against defendant Urbano Torar.

The instant motion for default judgment and supporting papers were served on defendant.  Plaintiff seeks an entry of default judgment in the amount of $8,000 pursuant to California Civil Code section 52(a) as well as injunctive relief.[3]

DISCUSSION

Entry of default effects an admission of all well-pleaded allegations of the complaint by the defaulted party.  Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977).  The court finds the well pleaded allegations of the complaint state a claim for which relief can be granted.  Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976).  The memorandum of points and authorities and affidavits filed in support of the motion for entry of default judgment also support the finding that plaintiff is entitled to the relief requested.  There

---

[2] The summons and complaint were thereafter mailed to defendant. (Dkt. #9.)

[3] Cal.Civil Code § 52(a) provides: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6."

are no policy considerations which preclude the entry of default judgment of the type requested. See <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

<u>CONCLUSION</u>

In view of the foregoing findings, it is the recommendation of this court that:

1. Plaintiffs' motion for entry of default judgment be GRANTED as to Urbano Torar in the amount of $8,000; and

2. Injunctive relief be granted against defendant Urbano Torar requiring compliant restaurant entry door hardware, compliant restroom signage and door hardware, and compliant restroom grab bars and fixtures located at compliant heights and locations, in conformity with the Americans with Disabilities Act Accessibility Guidelines (ADAAG) as set forth in 28 Code of Federal Regulations, Part 36.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 01/28/10

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076/Johnson2561.def.wpd